IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DEBRA WILDER, Individually and
as the Guardian and Next Friend of
MARASIA HARRIS AND JORDAN
SHINAULT                                                                                              PLAINTIFFS

V.                                                                       CIVIL ACTION NO. 1:10CV297-B-S

FOUNTAINBLEAU MANAGEMENT
SERVICES, LLC                                                                                         DEFENDANT

**MEMORANDUM OPINION**

Presently before the court is the plaintiffs' motion to remand and the defendant's motion in limine to exclude the plaintiffs' stipulation from consideration in ruling upon the plaintiffs' motion to remand. Upon due consideration of the motions, responses, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

The plaintiffs, Debra Wilder and her two minor children, filed this suit in the County Court of Lee County, Mississippi, on October 7, 2010, asserting claims for negligence, gross negligence, breach of the implied warranty of habitability, and emotional distress against the defendant, Fountainbleau Management Services, LLC, the company which managed the apartment complex in Tupelo, Mississippi, where the plaintiffs resided. The plaintiffs seek actual and punitive damages in an amount "not to exceed $75,000, exclusive of court costs and fees."

The defendant timely removed the case to this court on November 15, 2010, asserting diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332, and alleging that despite the

complaint's prayer for relief, "the actual amount in controversy exceeds $75,000 exclusive of interest and costs."

The plaintiffs have filed a motion to remand to state court and a stipulation signed by Debra Wilder stating she and her minor children "do not seek and will not accept an award in their favor and against Defendant in excess of $75,000.00, exclusive of costs." In addition to opposing the motion to remand, the defendant has filed a motion in limine to exclude the plaintiffs' stipulation from the court's consideration. The plaintiffs also request attorney fees and costs of litigating the motion to remand in light of the allegedly improper removal.

Analysis

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

It is uncontested that complete diversity of citizenship exists in the case sub judice.[1] The issue before the court concerns only the amount in controversy. The defendant contends it is "facially apparent" that, "[n]otwithstanding Plaintiffs' recitation in their Prayer for Relief, the actual amount in controversy exceeds $75,000.00, exclusive of interest and costs."

"[R]emoval statutes are to be construed strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996). "The intent of Congress

---

[1] Plaintiffs are residents of the State of Mississippi. The defendant is a Louisiana corporation.

drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts." *Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). The removing party bears the burden of establishing the basis for diversity jurisdiction. *Id. See also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). As to the amount in controversy, "unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Garcia*, 351 F.3d at 638 (quoting *St. Paul Mercury*, 303 U.S. at 288). "[T]he plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount." *De Aguilar*, 47 F.3d at 1412.

The plaintiff who "does not desire to try his case in the federal court...may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." *St. Paul Mercury*, 303 U.S. at 294. This is precisely what the plaintiffs in the present case have done. The defendant has presented no evidence to the court indicating that the plaintiffs have failed to act in good faith in seeking less than the amount required for federal jurisdiction or that the actual amount in controversy is greater than $75,000. The defendant argues that it has nevertheless met its burden because it is "facially apparent" that the amount exceeds $75,000.[2] The court finds to the contrary, however, as the complaint explicitly seeks damages "not to exceed $75,000," and the defendant has offered only conclusory allegations to support its "facially apparent" argument. "Removal...cannot be based simply upon

---

[2]*See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (Removing defendant may make showing that amount in controversy exceeds $75,000 by demonstrating that it is "facially apparent" that the claims are likely above that figure.).

3

conclusory allegations." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335. Because the defendant has not met its burden of proof, the court finds that the plaintiffs' motion to remand is well taken and should be granted.

The defendant has also moved to exclude the plaintiffs' stipulation from this court's consideration in ruling upon the plaintiffs' motion to remand. The court's consideration of the plaintiffs' stipulation was unnecessary since the defendant did not prove by a preponderance of the evidence that the amount in controversy requirement is met. The motion in limine is therefore moot.

Finally, the plaintiffs have requested attorney fees and costs pursuant to 28 U.S.C. § 1447(c) in regard to their motion to remand. The statute provides in pertinent part as follows: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The standard the court must apply in making a determination on this issue turns on the reasonableness of the removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* In the present case, the court finds that the removing defendant had objectively reasonable grounds to believe that removal was proper. Attorney fees and costs are therefore not warranted, and the plaintiffs' request will be denied.

Conclusion

For the foregoing reasons, the court finds that the plaintiffs' motion to remand is well taken and shall be granted. The defendant's motion in limine is moot, and the plaintiffs' request for attorney fees and costs is denied. A separate order in accord with this opinion shall issue this day.

This, the 20th day of September, 2011.

                                            */s/ Neal Biggers*
                                            **NEAL B. BIGGERS, JR.**
                                            **UNITED STATES DISTRICT JUDGE**